IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ellis Eric Evans, #11518-021, ) | C/A No. 0:09-1153-JFA-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| M.L. Rivera, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The petitioner, Ellis Eric Evans ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in the Federal Correctional Institution in Estill, South Carolina. Petitioner paid the full filing fee. (Docket Entry 7.) He requests that this court determine whether he is "actually innocent of the ACCA[1] sentencing enhancement and order that his sentenced (sic) be corrected" or some other relief. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

---

[1] He refers to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (2000 ed., Supp. V).

Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

## BACKGROUND

Petitioner was sentenced to 188 months' imprisonment on June 26, 2003 (or August 27, 2003)[2], in the United States Court for the Southern District of Georgia, for violation of "Felon in Possession of a Firearm," 18 U.S.C. § 922 (g)(1) and 18 U.S.C. § 924(e)(1). (Pet. at 3, Docket Entry 1 at 3.) Petitioner was convicted by a jury, and he filed a direct appeal. (Id. at 4.) Petitioner alleges that the Eleventh Circuit Court of Appeals affirmed his conviction on March 2, 2004. Petitioner filed a habeas action pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel (but did not make the argument about innocence under the sentencing enhancement), and his habeas petition was denied on June 21, 2005. (Id. at 2.)

Petitioner relies on the "savings clause" to file this action because he alleges that he would not be permitted to file a successive § 2255 petition. Petitioner alleges that his sentence violates the Constitution and laws of the United States because he is actually innocent of the statutory sentencing provision 18 U.S.C. § 924(e)(1), known as the Armed Career Criminal Act ("ACCA"). Petitioner alleges that the statute requires that any person convicted of violating § 922(g) who has three previous convictions for a violent felony or serious drug offense shall be imprisoned not less than fifteen years. Petitioner alleges that he does not have the necessary qualifying prior convictions to be sentenced as an armed career offender and that the maximum penalty he should have faced was ten years' imprisonment.

---

[2]Petitioner gives two conflicting dates. (Pet. at 3, 11, Docket Entry 1 at 3, 11.)



## DISCUSSION

Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). Here, Petitioner is attacking the validity of his sentence, and this type of claim should usually be brought under § 2255 in the sentencing court. Id. However, § 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of the petitioner's detention when a § 2255 petition is "inadequate or ineffective to test the legality of his detention." Id. (citing 28 U.S.C. § 2255).

The Fourth Circuit Court of Appeals addressed the question of when a § 2255 petition is inadequate under the savings clause. In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." Id. at 333 (citations omitted). Nonetheless, the Jones Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." Id. The Jones Court identified that situation as follows:

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to



meet the requirements to file a successive § 2255. Chisholm v. Pettiford, No. 6:06-2032-PMD-WMC, 2006 WL 2707320 at *2 (D.S.C. Sept. 18, 2006).

Petitioner admits that he previously filed a § 2255 petition in the sentencing court and that it was denied. To bring a "second or successive" motion under § 2255, Petitioner must receive permission to do so from the court of appeals in which circuit the district court sits, in this case, the Eleventh Circuit. See 28 U.S.C. § 2255; 28 U.S.C. § 2244(a). To obtain such permission, the movant must have the court of appeals certify that his motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Petitioner acknowledges that he cannot satisfy the test that would permit him to file a second or successive § 2255 petition. Unfortunately for Petitioner, nor can he satisfy the savings clause of § 2255. "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). Petitioner in this case does not claim to be actually innocent of his conviction for Felon in Possession of a Firearm. Instead, he argues that he is actually innocent of being an armed career criminal. He claims that he

was wrongfully sentenced under § 924(e) as a career offender because he did not have the necessary three qualifying convictions for application of the ACCA.[3]

No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense. Cf. United States v. Maybeck, 23 F.3d 888, 893-94 (4th Cir. 1994) (finding for petitioner, in a *§ 2255 action*, that he was actually innocent of the classification as a career offender and remanding for resentencing). Petitioner has not cited a case that would allow this court to apply the savings clause to his claim of actual innocence of a sentence classification rather than actual innocence of a conviction. Rather, Fourth Circuit precedent is to the contrary. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Moreover, Petitioner has not explained any facts related to his Felon in Possession of a Firearm conviction and sentence, e.g., what his three prior convictions were and the reasons that he alleges those convictions did not qualify to be counted under the ACCA.

## RECOMMENDATION

Accordingly, the court recommends that the Petition be dismissed without prejudice and without service of process. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the

---

[3] After Petitioner's § 2255 petition was decided in 2005, the United States Supreme Court held that a New Mexico's crime of felony DUI did not fall within the definition of a "violent felony" under the ACCA. See Begay v. United States, 128 S.Ct. 1581 (2008). However, that case arose from a direct appeal of a criminal conviction, not a § 2241 petition.



respondent); the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214; Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

                                    _____
                                    Paige J. Gossett
                                    UNITED STATES MAGISTRATE JUDGE

June 8, 2009
Columbia, South Carolina

    *The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).