IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| Ellis Eric Evans, | ) | C/A No.: 0:09-1153-JFA-PJG |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| M.L. Rivera, Warden, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Ellis Eric Evans, is a federal prisoner incarcerated at the Federal Correctional Institution in Estill, South Carolina. The question presented in this case is whether the petitioner can satisfy the so-called "savings clause" so as to bring this action pursuant to 28 U.S.C. § 2241 when he has previously filed an unsuccessful § 2255 action. The Magistrate Judge answers this question in the negative and the petitioner has objected to the Report and Recommendation. For the reasons that follow, the court agrees with the Magistrate Judge and will dismiss this action.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the petition is subject to summary dismissal. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

incorporates such without a recitation.

The record reveals that the petitioner was sentenced to 188 months incarceration by the United States District Court for the Southern District of Georgia, for violation of the felon in possession of a firearm statute, 18 U.S.C. § 922(g)(1). He was sentenced under the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) because he had three previous convictions for a violent felony or serious drug offense. After an unsuccessful appeal and an unsuccessful § 2255 action in which he did not raise the issue presented in this case, the petitioner filed the present action under § 2241, seeking to avail himself of the savings clause as an excuse for failing to raise his claim in the earlier § 2255 action. The gist of petitioner's claim is that he does not, in fact, have the three predicate convictions on his record to qualify as an armed career criminal. He thus contends that he is "actually innocent" of the crime with which he was charged, and that this fact serves to bring the savings clause in to play.

The Magistrate Judge rejected this reasoning, pointing out that the Fourth Circuit has held that a "§ 2255 petition is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *Jones* case identified the circumstances in which resort to § 2241 would be permissible notwithstanding the fact that a prior § 2255 action had been filed:

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

2

> prisoner cannot satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.

In this action, the petitioner merely contends that he is not guilty of the three predicate offenses. He does not indicate what the prior convictions were for, nor does he suggest why they should not be counted under the Armed Career Criminal Act (ACCA). Most importantly, as the Magistrate Judge observes, "Fourth Circuit precedent has not extended the reach of the savings clause to petitioners challenging only their sentence," citing *United States v. Poole*, 532 F.3d 263-267 n.7 (4th Cir. 2008). Here, petitioner is unquestionably challenging not the fact of his conviction for being a felon in possession of a firearm, but some aspect of one of his three predicate offenses.

In his objection to the Report and Recommendation, the petitioner contends that "binding precedent from both the Supreme Court and the Fourth Circuit Court of Appeals supports his claims." This court has carefully reviewed the petitioner's cites in support of this statement and finds them to inapposite. For the foregoing reasons, the objections are all overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without requiring the respondents to file a return.

IT IS SO ORDERED.

July 23, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge